**Dated: June 30, 2015**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | |
| STEPHEN ALAN CARLSON and BECKY GAIL CARLSON, | Case No. 14-80410-TRC Chapter 7 |
| Debtors. | |
| RANDY HOLT and RHONDA HOLT, | |
| Plaintiffs, | |
| v. | Adversary Case No. 14-8016-TRC |
| STEPHEN ALAN CARLSON (aka STEVE ALAN CARLSON) and BECKY GAIL CARLSON, | |
| Defendants. | |

## ORDER OF ABSTENTION AND DISMISSAL

Before the Court is Defendant Stephen Alan Carlson's Motion for Remand and/or Abstention with Brief in Support (Docket Entry 57) and Plaintiffs' Response (Docket Entry 67). After hearing the arguments of counsel, reviewing the record and applicable legal authority, this Court finds that it

should abstain from consideration of the state law causes of action, modify the discharge injunction to allow the state court case to proceed, and dismiss this case without prejudice.

This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to this Court of the case is proper pursuant to 28 U.S.C. § 157(a). The matters presently before the Court are core proceedings as contemplated by 28 U.S.C. § 157(b)(2)(I).

**Relevant Facts and Procedural History**

The dispute between these parties began approximately four years ago. According to the Plaintiffs' Complaint, their home was damaged in a fire in October of 2011 and they hired Defendants to make repairs. It is unknown exactly who or what entity Plaintiffs contracted with to make the necessary repairs; their Complaint states that Defendants owned Steve & Sons, Inc. and BC Restoration Specialists, which were in the business of carpet cleaning and restoration, and that these companies were the alter egos of Defendants. Plaintiffs disputed the amounts billed to them for the repair and restoration work and Defendants filed liens on their property.

In April 2012, Plaintiffs filed a lawsuit in Seminole County District Court, State of Oklahoma, regarding the repairs made to their home. According to Plaintiffs' Adversary Complaint, their state court action alleged negligence, breach of fiduciary duty, fraud and deceit, fraudulent inducement, unconscionable billing, breach of contract, breach of express and implied warranties regarding material and workmanship, breach of express and implied warranties of fitness for ordinary purposes, coercion, economic duress, undue influence, slander of title, negligent bailment or conversion of personal property, transfer in fraud of creditors, and conspiracy.[1] Approximately two weeks before this case

---

[1] Defendants' Statement of Financial Affairs filed in their bankruptcy case lists the defendants in the state court action as Steve Carlson, Steve and Sons, Inc., Brian White and White Roofing and Construction.

was set for trial and after extensive pre-trial discovery, Defendants filed a no-asset chapter 7 bankruptcy in this Court on April 23, 2014. The state court proceedings were stayed.

Plaintiffs filed this adversary proceeding on July 31, 2014, seeking monetary judgments on debts owed to Plaintiffs, a finding that those debts are nondischargeable under 11 U.S.C. §523(a)(2)(A) and (a)(6), declaratory judgments, and a determination of liens.[2] The Complaint includes three counts: (1) nondischargeability under §523(a)(2)(A) based upon false representations, (2) nondischargeability under §523(a)(6) for intentional and malicious injuries, and (3) a determination that Defendants' lien on Plaintiff's property is invalid. Each one of these causes of actions includes the request that this Court "subsequently order the case back to state court so that the issues of state law can be resolved in the appropriate forum, or in the alternative, requests that this court hear and make ruling on all issues of bankruptcy and state law through the use of a jury trial."[3] The Complaint also requests that this Court enter "declaratory judgments against the Defendants for all causes of action raised in this court and raised previously in CJ-2012-00048, either through this Bankruptcy Court or through the state court."[4] Plaintiffs' Adversary Cover Sheet lists numerous state law issues with corresponding Oklahoma statutes which may need to be addressed in the adversary case "if the case cannot be returned to state court," and includes a request for a jury trial. The Joint Report of Parties' Rule 26F Conference includes the statement that "the parties do not at this time consent to the Bankruptcy court conducting the jury trial" as well as the statement that "a jury trial was not timely demanded and is waived." Defendants were discharged on October 8, 2014, and their case was closed on November 21, 2014.

---

[2] Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

[3] Complaint ¶¶ 31, 40, and 48.

[4] Complaint ¶¶ 32, 41, and 49.

**Conclusions of Law**

Because of the seemingly contradictory statements of the parties in the Report of Rule 26(F) Conference regarding their consent to this Court's handling of a jury trial, and the underlying issues of state law, this Court inquired of the parties whether it should abstain from hearing those matters. Defendant Stephen Carlson argues that there are no issues to abstain from because Plaintiffs never removed the state court action to this Court. Plaintiffs argue that Defendants chose this forum for the resolution of their debts by filing bankruptcy so this Court should determine all the issues that were pending in the state court action. Plaintiffs also argue that if this Court abstains and sends the matter back to state court, it may set Plaintiffs "on a collision course with Section 524," *i.e.*, be a violation of the discharge injunction. Although Plaintiffs' Complaint urges this Court to send everything back to state court, this is no longer their wish.

This case is premised upon the state court case that was near trial when Defendants filed bankruptcy. A copy of the amended petition in the state court action was attached as Exhibit 2 to Defendant's Motion Regarding Remand and/or Abstention. A comparison of the state court amended petition and the Adversary Complaint reveals that the Adversary Complaint consists of a summary of the allegations contained in the amended petition. The Complaint attempts to incorporate by reference the allegations and claims made in that state court case, and asserts fraudulent activity within the bankruptcy case itself.

Defendant argues that there are no state law claims before this Court that it can abstain from, and that it should focus only on whether the alleged debt to the Plaintiffs is dischargeable. He then urges this Court to delay making that determination until the state court case continues. But, that requires some action on the part of this Court. There must first be a determination as to whether a debt is owed by these Defendants to these Plaintiffs. That determination will depend upon a host of factual

Case 14-08016    Doc 73    Filed 06/30/15    Entered 06/30/15 12:16:47    Desc Main
Document      Page 4 of 8

findings and legal conclusions based upon applicable state laws, not the least of which is whether these individual Defendants are personally liable under an alter ego theory.

Both parties rely on the case, *In re Eastburg*, 447 B.R. 624 (B.A.P. 10th Cir. 2011).[5] Defendant argues that this Court cannot decide the state law case because it has not been removed to this Court. That is correct, but this adversary proceeding is based upon issues of state law that this Court must consider to decide whether there is a debt that should be excepted from discharge. Plaintiffs have attempted to incorporate by reference the allegations and causes of action pending in the state court case. Whether that is proper under the rules of pleading is not before this Court. However, the Court understands that the factual allegations in this Complaint are essentially the same as those made in the state court case. It is the claims based upon state law from which this Court would abstain. Thus, there are pending state law claims in this Court, and the cases cited by Defendant regarding removal are inapposite.

Even where a court may have subject matter jurisdiction over the causes of action in a case, it is not required to hear a case but may exercise its discretion to abstain. 28 U.S.C. § 1334(c)(1); *New Jersey Lawyers' Fund for Client Protection v. Fornaro (In re Fornaro),* 402 B.R. 104, 107-108 (Bankr. D. N.J. 2009). The decision regarding abstention is within the sound discretion of the court. *Fornaro* at 108. Courts identify multiple factors relevant to permissive abstention under § 1334(c)(1), including: the effect or lack thereof on the efficient administration of the estate; the extent to which state law issues predominate over bankruptcy issues; the difficulty or unsettled nature of applicable state law which could be more properly addressed in a state forum; considerations of comity; the presence of a related proceeding in state court; the degree of relatedness or remoteness of this

---

[5] Both parties misidentify the court issuing the opinion as the Tenth Circuit. This case was decided by the Bankruptcy Appellate Panel of the Tenth Circuit Court of Appeals. So far as this Court is aware, the case was not appealed from the BAP to the Tenth Circuit Court of Appeals.

proceeding to the main bankruptcy case; the substance rather than the form of an asserted "core" proceeding; the feasibility of severing state law claims form the bankruptcy case; the court's docket; the right to a jury trial and the presence of non-debtor parties. *See Fornaro*, 402 B.R. at 108; *Springs East Land Co. LLC v. Goss (In re Ellicott Springs Resources LLC)*, 485 B.R. 626 (Bankr. D. Colo. 2013); *LaRoche Industries, Inc. v. Orica Nitrogen LLC (In re LaRoche Industries, Inc.)*, 312 B.R. 249, 253-254 (Bankr. D. Del. 2004). There is no specific formula for how many of these factors should be addressed or which ones are required in determining whether to abstain. *Valley Media, Inc. v. Toys R Us, Inc. (In re Valley Media, Inc.)*, 289 B.R. 27, 29 (Bankr. D. Del. 2003). This Court will consider this adversary case in light of these factors.

Plaintiffs' Complaint is grounded on their state law case. They allege fraud, transfer of assets, slander of title, breach of contract and warranties as the basis for the debt they seek to except from discharge. The Trustee has taken no position and has elected not to pursue any separate action against Defendants. This was a no asset case and no funds were available for distribution to creditors. Thus, this case would have no impact on the administration of the bankruptcy estate.

Plaintiffs' claims against Defendants arise from state law claims, and are not dependent or grounded in bankruptcy. The issue of whether a debt exists involves questions of state law, not federal law. The state law case was pending prior to the filing of this bankruptcy. Resolution of this claim will involve state law issues regarding contractual duties and warranties, agency relationships, fraud in the inducement, title issues, corporate identities and veil-piercing, among other things. The state court has significantly greater interest and experience in adjudicating these issues. Considerations of comity and respect for state law favor abstention.

The Court's docket would not be unduly burdened by this case but it is likely that this case could reach trial quickly in state court since it was only a few weeks away from trial when

Defendants filed bankruptcy. Other parties are involved in the state court case; thus, it would be more economical to try the state court case and determine the relative fault and liability of all parties in that setting rather than to proceed in piecemeal fashion against only the Defendants in this Court. These are factors which favor abstention. Plaintiffs requested a jury trial in this Court. However, pursuant to the Joint Report of Parties' Rule 26F Conference, the parties do not consent to this Court conducting a jury trial. To the extent the parties are entitled to a jury trial on any claims under state law, the state court would be the preferred forum. This factor strongly favors abstention.

Plaintiffs initially requested and concede in their Response that the underlying state court issues could be determined by the state court. The most important considerations in abstention are the predominance of state law issues and the lack of benefit to the bankruptcy estate. Both of these are present in this case. *See LaRoche*, 312 B.R. at 254. Before this Court can determine whether Plaintiffs' claim should be excepted from discharge, there must be a determination as to the existence of a debt owed by Defendants and its amount. Therefore, the Court elects to abstain from hearing the issues of state law.

The Court hereby modifies the discharge injunction to allow the state court case to proceed, and for the state court to determine the validity and extent of any debts owed by Defendants arising under state law. *See Eastburg,* 447 B.R. at 633-634. While awaiting the outcome of the state court case, this Court will dismiss this adversary case without prejudice. Should Plaintiffs prevail in state court and obtain a judgment against Defendants, further proceedings in this Court may be appropriate. At the conclusion of the state court case, the parties may file a notice in this adversary case regarding the decision and judgment of the state court. This Court may then administratively reopen this case for further proceedings.

**Order of the Court**

IT IS THEREFORE ORDERED that Defendant Stephen Carlson's Motion requesting abstention (Docket Entry 57) is **granted.** This Court abstains from resolving the state law claims between the parties. The discharge injunction of 11 U.S.C. §524 is hereby modified to allow the Seminole County District Court, State of Oklahoma, to proceed to determine the matters before it in Case No. CJ-2012-00048, in accordance with its laws and procedures.

IT IS FURTHER ORDERED that this case is dismissed without prejudice. Upon the conclusion of the state court case, the parties may file a Notice herein of the decision and judgment of the state court case and this Court may conduct further proceedings as appropriate.

###